UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY DRIVER, JR., | Case No. 2:24-cv-3800-DAD-JDP (P) |
| Plaintiff, | |
| v. | ORDER |
| JACINTO, *et al.*, | |
| Defendants. | |

Plaintiff has filed a complaint, ECF No. 1, and a request to proceed *in forma pauperis*, ECF No. 4. He is, however, a "three-striker" within the meaning of Title 28 U.S.C. § 1915(g); he has filed at least three cases that were dismissed for failure to state a claim upon which relief can be granted: (1) *Driver v. Martel*, No. 08-cv-1910-GEB-EFB (E.D. Cal. Sept. 15, 2009) at ECF Nos. 28 & 32; (2) *Driver v. Kelso*, No. 2:11-cv-2397-EFB-P (E.D. Cal. Aug. 9, 2012) at ECF Nos. 17 & 20; (3) *Driver v. Epp*, No. 2:12-cv-0589-EFB (E.D. Cal. Sept. 5, 2012) at ECF Nos. 7 & 8.

Plaintiff might still be eligible to proceed *in forma pauperis* if his complaint made a showing of imminent physical danger, but the allegations in his complaint do not make this showing. Plaintiff's short complaint is difficult to understand. He appears to allege that he had safety concerns with some number of unidentified officers in December 2024. ECF No. 1 at 1. Defendant Jacinto allegedly told him that a certain prison yard at was safe. *Id.* He disagreed

1

based on events that occurred more than two years prior but does not allege that any harm befell him or was realistically imminent. *Id.* at 1-2. Plaintiff does allege that another inmate in his cell was stabbed to death at some unspecified earlier time, but he does not connect this vague claim to his fears about yard safety. Additionally, the complaint fails to state what relief he seeks and from whom. Absent additionally context and more detailed allegations, I cannot tell whether plaintiff can realistically claim that he was in imminent danger on or around December 30, 2024, when he filed his complaint. *See Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) ("We are in agreement with all of these cases in holding that it is the circumstances at the time of the filing of the complaint that matters for purposes of the 'imminent danger' exception to § 1915(g).").

I will dismiss the immediate complaint with leave to amend. Plaintiff should use the district's complaint form that will be sent to him with this order. He is advised that any amended complaint will supersede its predecessors and, thus, must be complete in itself. Plaintiff may not refer to other filings in his complaint for the purpose of bolstering his allegations. If the amended complaint fails to make the showing of imminent danger, I will recommend that plaintiff's application to proceed *in forma pauperis*, ECF No. 4, be denied.

Accordingly, it is ORDERED that:

1. Plaintiff's complaint, ECF No. 1, is DISMISSED with leave to amend.

2. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

3. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

4. The Clerk of Court shall send plaintiff a complaint form with this order.

IT IS SO ORDERED.

Dated:   April 16, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

2