1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    BILLY DRIVER, JR.,                          Case No.  2:24-cv-3800-DAD-JDP (P)

12                    Plaintiff,

13           v.                                    FINDINGS AND RECOMMENDATIONS

14    JACINTO, *et al.*,

15                    Defendants.

16

17           Plaintiff has filed an amended complaint, ECF No. 11, and a request to proceed *in forma*

18    *pauperis*, ECF No. 4.  As I found in my previous order, plaintiff is a "three-striker" within the

19    meaning of Title 28 U.S.C. § 1915(g).  He has filed at least three cases that were dismissed for

20    failure to state a claim upon which relief can be granted: (1) *Driver v. Martel*, No. 08-cv-1910-

21    GEB-EFB (E.D. Cal. Sept. 15, 2009) at ECF Nos. 28 & 32; (2) *Driver v. Kelso*, No. 2:11-cv-

22    2397-EFB-P (E.D. Cal. Aug. 9, 2012) at ECF Nos. 17 & 20; (3) *Driver v. Epp*, No. 2:12-cv-0589-

23    EFB (E.D. Cal. Sept. 5, 2012) at ECF Nos. 7 & 8.

24           When a prisoner-plaintiff is a three-striker and files an application to proceed *in forma*

25    *pauperis*, a court will generally only grant such an application if the complaint demonstrates that

26    the plaintiff was in imminent physical danger at the time of filing.  In plaintiff's case, the

27    allegations in the initial complaint did not seem to demonstrate that he was in imminent physical

28    harm, but the allegations were difficult to understand.  Plaintiff alleged that he had safety

                                               1

1     concerns with some number of unidentified officers in December 2024. ECF No. 1 at 1.

2     Defendant Jacinto allegedly told him that a certain prison yard at was safe. *Id.* He disagreed

3     based on events that occurred more than two years prior but did not allege that any harm befell

4     him or was realistically imminent. *Id.* at 1-2. Plaintiff did allege that another inmate in his cell

5     was stabbed to death at some unspecified earlier time, but he did not connect this vague claim to

6     his fears about yard safety. *Id.*

7        Absent additional context and more detailed allegations, I determined that it was unclear

8     whether plaintiff could realistically claim that he was in imminent danger on or around December

9     30, 2024, when he filed his complaint. *See Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir.

10     2007) ("We are in agreement with all of these cases in holding that it is the circumstances at the

11     time of the filing of the complaint that matters for purposes of the 'imminent danger' exception to

12     § 1915(g)."). I dismissed the complaint with leave to amend and informed plaintiff that should

13     his amended complaint fail to show that he was in imminent danger at the time of filing, I would

14     recommend that plaintiff's application to proceed *in forma pauperis* be denied.

15        Plaintiff has filed an amended complaint, but it does not demonstrate that plaintiff was in

16     imminent physical danger at the time of filing—in December 2024. ECF No. 11. In his amended

17     complaint, plaintiff alleges that he informed defendant Jacinto of his safety concern with Captain

18     Konrad and that Jacinto told him that he should not have been transferred back to California State

19     Prion, Sacramento. *Id.* at 3. Jacinto also said in a loud voice that plaintiff should have been

20     killed a long time ago because of his criminal conviction. *Id.* Plaintiff alleges that he informed

21     defendant Dr. Wallace and defendant officer Alvarado that he had a safety concern with Captain

22     Konrad. *Id.*

23        Plaintiff's allegations are insufficient to demonstrate that he faced imminent danger of

24     physical injury at the time he filed the initial complaint. Plaintiff has not alleged any facts

25     demonstrating he was subjected to any physical harm, either at the time of filing or now, much

26     less a "serious physical injury." *See Cervantes*, 493 F.3d at 1055-56. Additionally, his alleged

27     harm—defendants' failure to protect him from an unidentified harm—is a generalized fear of

28     potential harm, which is insufficient. *Id.* at 1053.

1    Plaintiff's application for leave to proceed *in forma pauperis* should therefore be denied

2  pursuant to § 1915(g).  Plaintiff should be required to submit the appropriate filing fee in order to

3  proceed with this action.

4    Accordingly, it is RECOMMENDED that plaintiff's application to proceed *in forma*

5  *pauperis*, ECF No. 4, be DENIED and plaintiff be directed to tender the filing fee within twenty-

6  one days of any order adopting these recommendations.

7    These findings and recommendations are submitted to the United States District Judge

8  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

9  of service of these findings and recommendations, any party may file written objections with the

10  court and serve a copy on all parties.  Any such document should be captioned "Objections to

11  Magistrate Judge's Findings and Recommendations," and any response shall be served and filed

12  within fourteen days of service of the objections.  The parties are advised that failure to file

13  objections within the specified time may waive the right to appeal the District Court's order.  *See*

14  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.

15  1991).

16

17  IT IS SO ORDERED.

18
   Dated:    May 22, 2025
19                                                    JEREMY D. PETERSON
20                                                    UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27

28

3